IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD FRIEDMAN<br>5521 Harleston Drive<br>Lyndhurst, Ohio 44124<br><br>    Plaintiff,<br><br>  v.<br><br>DENIS MCDONOUGH<br>Secretary of Veterans Affairs<br>c/o Michelle M. Baeppler<br>U.S. Attorney<br>United States Court House<br>801 West Superior Avenue, Suite 400<br>Cleveland, Ohio 44113-1852<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO:<br><br>JUDGE:<br><br><br><br>COMPLAINT<br><br>(JURY DEMAND ENDORSED HEREON) |

## NATURE OF THE ACTION

Plaintiff Howard Friedman ("Plaintiff") brings this action against the Secretary of the Department of Veterans Affairs ("VA" or "Defendant") under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 ("Title VII") to remedy unlawful employment discrimination on the basis of age and religion, and to provide appropriate relief to Plaintiff. As alleged with greater particularity below, Plaintiff alleges that Defendant subjected him to unlawful discrimination by suspending him, giving him a lowered performance appraisal, rescinding an incentive award, and discharging him because of age (63) and religion (Jewish).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this civil action under 28 U.S.C. §§ 1331 and 1343 because the claims brought under Title VII and the ADEA involve federal questions, and because this

action is to recover damages or to secure equitable or other relief under Acts of Congress providing for the protection of civil rights.

2. Venue is proper in the U.S. District Court for the Northern District of Ohio under 28 U.S.C. § 1391(b) because Defendant resides in this judicial district, and the alleged unlawful employment actions giving rise to Plaintiff's claim occurred and/or were committed in this judicial district.

**PARTIES**

3. Plaintiff is an individual residing in Cuyahoga County, Ohio.

4. Defendant is Secretary of the Department of Veterans Affairs, a federal government agency.

5. Defendant McDonough, in his capacity as Secretary of the VA, is located in Washington, D.C. The VA has a principal place of business at 810 Vermont Avenue NW, Washington, D.C. 20420 and an address within this jurisdiction at the Louis Stokes Cleveland VA Medical Center, 10701 East Blvd, Cleveland, OH 44106.

6. Plaintiff was employed by Defendant at 35000 Kaiser Court, Willoughby, Ohio 44094.

7. Defendant was and is an "employer" within the meaning of the ADEA and Title VII.

8. After initiating an informal administrative complaint and following investigation of his formal complaint, Plaintiff requested a hearing before an Administrative Law Judge. He later withdrew that request and requested a Final Agency Decision, which was issued on December 21, 2022.

9. Plaintiff timely filed this lawsuit within 90 days of the receipt of the Final Agency Decision. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. All of Plaintiff's claims alleged in this Complaint were considered during the

administrative investigation of his administrative complaints of discrimination and/or reasonably follow from and are closely related to the allegations contained in the administrative complaint of discrimination, in that Plaintiff's claim based on his termination is like or related to the original complaint because it adds to or clarifies the original complaint and could have reasonably been expected to grow out of the original complaint during the investigation.

**FACTUAL BACKGROUND**

11. Plaintiff is a physician. He graduated from medical school in 1987. Following graduation he served as an Army physician from 1987 to 1993. Plaintiff served as Cardiology Chief at Walson Hospital at Fort Dix, and then served during Operations Desert Shield and Desert Storm for which service he received the Army Achievement and Army Commendation Medals.

12. Plaintiff joined the VA in or about October 2002 and, within two months, was named Medical Manager at the Lake County Community Based Outpatient Clinic (the "Clinic") with the Louis Stokes VA Medical Center in Cleveland, Ohio. Complainant held this position for over 18 years until his discharge from employment.

13. During his tenure Plaintiff started the local Home Based Primary System and was the provider selected to initiate the Telehealth Program. Plaintiff also initiated the Scan Echo program, becoming the local VA leader for pain management at the Clinic. In 2016 the VA selected Plaintiff as the Under Secretary for Health Priority Award recipient for High Performing Network for his work and efforts on the Scan Echo program, a prestigious award for accomplishments that have gone above and beyond in the area of access to medical care. From 2014 until 2017 Plaintiff received exceptional evaluations, and in 2019 and 2020 received fully successful evaluations.

14. At all relevant times Dr. Corinna Falck-Ytter, Associate Chief of Staff for Primary Care at the Louis Stokes VA Medical Center, was Plaintiff's supervisor. Falck-Ytter was aware of Plaintiff's age and religion (Jewish).

3

15. Throughout his VA career Plaintiff practiced medicine the same way that resulted in positive evaluations. In January 2021, however, Falck-Ytter gave Plaintiff an evaluation of unsatisfactory based on allegedly improper "cutting and pasting" of histories of present illness in patient charts, a common practice followed by physicians both within and outside the VA.

16. On or about December 18, 2020 Plaintiff was given a performance award of $6,300 and an incentive award of $6,300. On or about January 28, 2021, the VA rescinded Plaintiff's incentive award.

17. On or about February 9, 2021 the VA informed Plaintiff that his clinical privileges were summarily suspended. The VA informed Plaintiff that its investigation of his suspension must be accomplished with 30 calendar days of the suspension. The VA further informed Plaintiff that he had 14 days to respond to the notice of summary suspension.

18. On or about February 22, 2021, Plaintiff informed the VA through counsel that he could not respond to the summary suspension because the VA had failed to identify the "clinical concerns" mentioned in the suspension notice.

19. Plaintiff filed his formal complaint of discrimination with the VA's EEO office on or about March 26, 2021.

20. The VA failed to complete its investigation within 30 days and, on or about March 9, 2021 instead informed Plaintiff his summary suspension would continue.

21. Plaintiff filed his formal complaint of discrimination with the VA's EEO office on or about March 26, 2021.

22. On or about April 6, 2021 the VA informed Plaintiff that its investigation would be completed by April 23, 2021.

23. On or about May 10, 2021 again informed Plaintiff that its investigation would be completed with 30 days.

24. On June 3, 2021 the VA informed Plaintiff that its investigation was being extended for an additional 30 days.

25. On August 18, 2021, Dr. Falck-Ytter met with Dr. Friedman and his wife, and presented a notice of proposed removal. The letter advised Dr. Friedman, *inter alia*, concerning the effect of a decision to remove:

> 8. **IMPACT OF DECISION REGARDING CLINICAL PRIVILEGES**: If a decision is made to remove you from federal service and revoke your clinical privileges for reasons of professional in incompetence or professional misconduct, the medical center will file a report with the National Practitioner Data Bank (NPDB) regarding the revocation of your clinical privileges (and the summary suspension of your privileges, if applicable) with a copy to the State Licensing Board (SLB) of Ohio and other SLBs in all states in which you are licensed.

26. After giving him the letter and during the meeting on August 18, 2021, Dr. Falck-Ytter told Dr. Friedman that he would in fact be removed from the federal service at the end of August. Dr. Friedman discharged his lawyer on August 23, 2021. Believing the proposed removal was a continuation of discriminatory treatment in 2021, and now facing the certainty of removal, a report being made to the NPBD and the State Medical Board of Ohio, and the consequent and very real threat of losing his medical license, Dr. Friedman resigned his position with the VA on August 29, 2021.

27. The reasons which had been given by Defendant for Plaintiff's suspension and certain removal were based on common physician practices within the VA, but which practices were not used against younger, non-Jewish physicians to suspend and/or terminate them.

28. A reasonable person in Plaintiff's position would have felt compelled to resign.

29. At the time of his separation from employment Plaintiff was 63 years of age.

30. The EEO investigator was aware of Dr. Friedman's resignation, and that Plaintiff wanted the EEO investigation to continue. Acting pro se, Dr. Friedman did not know to ask to amend his complaint to include a claim of constructive discharge, and informed the investigator he

did not know what effect his resignation might have on his complaint.

31.     Plaintiff did move through counsel to amend his complaint during the proceeding before the Administrative Law Judge, but the motion was denied.

32.     The reasons stated for his suspension and ultimate termination were based on criticisms that could have been but were not lodged against similarly-situated younger, non-Jewish persons.

33.     Following Plaintiff's discharge, Defendant replaced him as a physician and as the Medical Manager at the Clinic with a substantially younger, non-Jewish person or persons.

## COUNT ONE
### (Age Discrimination)

34.     Plaintiff repeats and incorporates by reference the foregoing paragraphs of his Complaint.

35.     Plaintiff was at all times qualified for the positions he held with Defendant.

36.     Defendant subjected Plaintiff to unlawful discrimination by giving him a lowered performance appraisal, suspending his clinical privileges, rescinding his incentive award and constructively terminating him because of his age, 63, in violation of the ADEA, 29 U.S.C. §633a.

37.     The effect of the adverse actions complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of age.

## COUNT TWO
### (Discrimination Based On Religion)

38.     Plaintiff repeats and incorporates by reference the foregoing paragraphs of his Complaint.

39.     Defendant subjected Plaintiff to unlawful discrimination by giving him a lowered performance appraisal, suspending his clinical privileges, rescinding his incentive award and

6

constructively terminating him because of his religion in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000e-16.

40. The effect of the adverse actions complained of herein has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Order Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment and post-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment action, including but not limited to reinstatement or front pay in lieu of reinstatement.

B. Order Defendant to pay Plaintiff liquidated damages for its willful conduct described above, in an equal sum as the appropriate back pay award.

C. Award Plaintiff reasonable attorney's fees.

D. Award Plaintiff costs of this action.

E. Grant such further relief to which Plaintiff is entitled and/or as the Court deems necessary and proper.

Respectfully submitted,

/s/ *David W. Neel*
David W. Neel (0033611)
DAVID W. NEEL, LLC
13800 Shaker Blvd., Ste. 102
Cleveland, Ohio 44120
Office: (216) 522-0011
Fax: (844) 548-3570
Email: dwneel@neellaw.com

## **JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all issues to which he is entitled to a jury.

                                              /s/ *David W. Neel*
                                              David W. Neel (0033611)