IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DR. HOWARD FRIEDMAN | ) | CASE NO.: 1:23-cv-507 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | DEFENDANT MCDONOUGH'S |
| | ) | MEMORANDUM OF LAW IN SUPPORT |
| DENIS MCDONOUGH, | ) | OF ITS PARTIAL MOTION FOR |
| Secretary of Veterans Affairs | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |

Defendant Denis McDonough, Secretary of the Department of Veterans Affairs ("VA") is entitled to partial summary judgment dismissing Plaintiff Howard Friedman's ("Friedman") claims alleging constructive discharge as a result of age and religious discrimination in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a. Friedman did not include constructive discharge in his original administrative claim, and he did not amend his claim after he resigned from the VA several months later. Thus, Friedman did not exhaust his administrative remedies with respect to his constructive discharge claims.

1

# FACTS[1]

## I. Background and Suspension of Clinical Privileges.

Friedman was a primary care physician and medical manager at the VA's Lake County Community-Based Outpatient Clinic. (Complaint, ECF No. 1, ¶ 1, 12, PageID # 1, 3.) Friedman began his career with the VA on or about October 2002. (*Id.* at ¶ 12, PageID # 3.) Friedman's direct supervisor is Dr. Corinna Falck-Ytter ("Dr. Falck-Ytter"), the Associate Chief of Staff for Primary Care at the Louis Stokes VA Medical Center. (*Id.* at ¶ 14, PageID # 3.)

In early 2021, other providers expressed concerns about Friedman's patient care to Dr. Falck-Ytter. (Compl. ¶ 15, PageID # 4; Investigative Report, attached as Exhibit A, p. 4.) In addition, Dr. Falck-Ytter rated Friedman as "unsatisfactory" in his professional practice evaluation due to improper documentation in patient charts. (*Id.*) On February 9, 2021, the VA informed Friedman that his clinical privileges were suspended, pending an investigation of his clinical care. (Compl. ¶ 17, PageID # 4; Invest. Report p. 5.)

Friedman also alleges that the VA rescinded a previous incentive award of $6,300 in January of 2021. (Compl. ¶ 16, PageID # 4.)

## II. Friedman's EEO Complaint and Investigation.

On March 26, 2021, Friedman filed a formal EEO complaint alleging age and religious discrimination, based on "disciplinary action (suspension)"; "evaluation/performance/appraisal"; "pay and allowances- (special pay)"; and "Lose of

---

[1] Pursuant to the Court's instructions at the June 12, 2023 status conference, this Motion only addresses whether Friedman exhausted his constructive discharge claim. As a result, and because this Motion is made prior to fact discovery, the facts as articulated in this motion are as alleged in Friedman's Complaint and as reflected in select documents from the EEOC process.

Credentials." (EEO Complaint, attached as Exhibit B; Compl. ¶¶ 21,36,39). At the time he filed the EEO complaint, Friedman was represented by attorney Joshua Kahn. (*See* EEO Compl.). On May 5, 2021, Friedman's complaint was accepted for investigation. (Notice of Acceptance, attached as Exhibit C, p. 1; Invest. Report p. 1). On August 31, 2023, Friedman informed the EEO investigator that he had retired from the VA on August 29, 2021, and that he was no longer represented by Attorney Joshua Kahn. (Invest. Report p. 3.)

On September 13, 2021, the EEO investigator concluded her investigation and submitted it for consideration. (Invest. Report p. 1). At no point during the investigation did Friedman or his attorney attempt to amend the EEO claim to include a claim of constructive discharge. (*See Id.* pp. 1-6).

Although Friedman initially requested a hearing before an Administrative Law Judge, he later withdrew that request and instead sought a final agency decision, which was issued on December 21, 2022. (Compl. ¶ 8, PageID # 3.)

On March 13, 2023, Friedman filed the underlying Complaint in district court alleging, among other things, constructive discharge due to age discrimination, in violation of the ADEA, 29 U.S.C. § 633a, and constructive discharge due to religious discrimination in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e-16. (Compl. ¶¶ 36-39, PageID # 6-7.)

## LAW AND ARGUMENT

I.  **Standard of Review.**

Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When

3

ruling on a motion for summary judgment, a court must make all reasonable inferences in favor of the nonmoving party. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (citations omitted). The court should grant summary judgment when the evidence raises no genuine issues of material fact, "such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute is 'genuine' only if based on evidence upon which a reasonable jury could return a verdict in favor of the nonmoving party," and a "factual dispute concerns 'material' fact only if its resolution might affect the outcome of the suit under the governing substantive law." *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006) (citations omitted).

**II**.  **Friedman Failed to Exhaust his Administrative Remedies Under Title VII or the ADEA.**

    **A.**  **Friedman was Required to Administratively Exhaust his Constructive Discharge Claim Prior to Filing Suit.**

In order to bring Title VII claim against a federal employer, the complainant must first exhaust all available administrative remedies. *See McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) ("In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'"). The exhaustion of administrative remedies is a condition precedent to bringing suit in federal court. *Mitchell v. Chapman*, 343 F.3d 811, 820-22 (6th Cir. 2003).

First, an employee must bring the claim of discrimination to the attention of an EEO counselor within 45 days of the alleged discriminatory act. *See* 29 C.F.R. § 1614.105(a)(1). If the matter cannot be resolved informally, the employee must file a formal complaint with

4

the employing agency's EEO office within 15 days of receiving notice of the right to file. See 29 C.F.R. § 1614.105(d); 29 C.F.R. §§ 1614.106(a), (b). If, after timely filing a formal administrative complaint and proceeding through administrative adjudication, the employee receives an adverse final determination, the employee may either file suit in federal court or request a hearing before the EEOC. If the employee elects a federal suit, he must file a complaint within 90 days of receiving notice of the agency's final decision or within 180 days after filing the administrative complaint, if an appeal has not been filed and the agency has not yet reached its decision. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.407(a), (b).

Courts generally limit the claims in civil suits to those presented in the administrative complaint. *Lybarger v. Gates*, No. 1:10 CV 0373, 2012 U.S. Dist. LEXIS 44689 at *19 (N.D. Ohio Mar. 30, 2012); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). "This rule serves the dual purpose of giving the employer information concerning the conduct about which an employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Id*. (citing *Alexander*, 415 U.S. at 44). "Allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role." *Id*. Failure to properly include discriminatory actions in an administrative complaint under Title VII is grounds for dismissal of said claims in federal court. *See Golden v. Mirabile Inv. Corp.*, 742 F. App'x 441 (6th Cir. 2018) (dismissing plaintiff employee's Title VII claims unrelated to those presented in his EEOC charge because he failed to exhaust his administrative remedies).

5

Although exhaustion is required, courts permit some claims to be raised in a judicial complaint even if they were not explicitly raised in the employee's EEO complaint. Such claims, however, must be charges that could be within the "expected scope of the investigation" and, therefore, "reasonably expected to grow out of the EEOC charge" of discrimination. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 379 (6th Cir. 2002) (quoting *Strouss v. Mich. Dep't of Corr.*, 250 F.3d 336, 342 (6th Cir. 2001); *see also Deslise v. Brimfield Twp. Police Dep't*, 94 F.App'x 247, 253 (6th Cir. 2004); *Bray v. Palm Beach Co.*, No. 89-6171, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) (finding "the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge").

The exhaustion requirements for age discrimination claims are somewhat different. A plaintiff alleging age discrimination under 29 U.S.C. § 633a, which governs such claims against federal employers, may elect either to file an administrative claim or to proceed directly to federal court. *McKnight v. Gates*, 282 F. App'x 394, 397 (6th Cir. 2008) (quoting *Langford v. U.S. Army Corps of Eng'rs*, 839 F.2d 1192, 1195 (6th Cir. 1988); *see* 29 C.F.R. § 1614.201. Nonetheless, if a plaintiff alleges age discrimination under both Title VII and the ADEA, as here, he must limit his civil claims to those "within the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Wiegel v. Baptist Hosp.*, 302 F.3d 367, 380 (6th Cir. 2002) (quoting in part *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 546-47 (6th Cir. 1991)) (internal citations and quotation marks omitted); *see also Flowers v. Potter*, No. 3:05cv052, 2008 U.S. Dist. LEXIS 23980 (S.D. Ohio Mar. 11, 2008) (dismissing a federal employee's claim of constructive discharge under the ADEA because it was outside the scope of the original EEO charge).

6

Because Dr. Friedman did not include his claim of constructive discharge in his EEO complaint, this court should dismiss his claims of constructive discharge for failure to exhaust his available administrative remedies.

### B. Friedman Did Not Allege Constructive Discharge in His Administrative Complaint.

Friedman filed his EEO Complaint on March 26, 2021, several months before he separated from federal employment. (EEO Compl.) Those four claims were: (1) the February 8, 2021 suspension of clinical privileges during the VA's investigation; (2) the February 1, 2021 allegedly lowered performance appraisal; (3) the December 24, 2020 recission of "special pay"; and (4) alleged temporary loss of access to the VA computer systems on March 4, 2021. (EEO Compl.; Invest. Report p. 2.) The EEO complaint contains no mention of constructive discharge or Friedman's separation from employment, or any suggestion that EEO investigator should be investigating allegations of constructive discharge. (*Id.*) Nor could it have: Friedman did not submit his resignation until August 29, 2021, over five months after submitting his EEO complaint and only two weeks before the EEO investigator completed her report. (Compl. ¶¶ 19, 26; Invest. Report p. 1).

Moreover, the first time Dr. Friedman claimed he was forced to resign was when he attempted to amend his charge on August 29, 2022—one year after the event allegedly occurred and long after the investigator completed her inquiry. (Order Den. Complnt's Mot. Amend Complaint, attached as Exhibit D.) The amount of time between the filing of the ORM complaint, Dr. Friedman's retirement, and the date Dr. Friedman first alleged he had been discharged means that constructive discharge could not have reasonably been within the scope of the EEO investigation.

The district court's decision in *Magyar v. United States Postal Serv.*, is illustrative. 2019 U.S. Dist. LEXIS 75523 (E.D. Mich. May 6, 2019) (Plaintiff could not bring constructive discharge claim where EEO charge did not include constructive discharge.) The court held that in order for a later claim of constructive discharge to be considered within the scope of the EEOC investigation, the plaintiff must show "a specific amendment of the charge to include a constructive discharge claim, or extensive factual allegations concerning intolerable working conditions which clearly point to the unnamed legal conclusion that a constructive discharge has occurred, or evidence as to the actual scope of the EEOC investigation or subject of conciliation attempts . . ." *Id.* at *16-17 (quoting *Cedar v. Premier Industrial Corp.,* 869 F.2d 1489 (6th Cir. 1989) (table)); *see also Slayden v. Ctr. For Behav. Med.*, 53 F.4th 464, 469 (8th Cir. 2022) (holding plaintiff's constructive discharge claim was not related to the EEOC charge as the plaintiff retired months after filing the charge and gave no indication that he was about to be terminated in the original charge). Similarly, here, Friedman's EEO complaint contains no language suggesting that he intended to pursue a constructive discharge, nor factual allegations alleging "intolerable working conditions which clearly point to the unnamed conclusion that a constructive discharge has occurred." *Id.*

Accordingly, because Friedman failed to administratively raise a constructive discharge claim, his constructive discharge claims were not reasonably expected to result from an investigation of the claims he did raise.

### C. Dr. Friedman Was Represented by Counsel During the EEO Investigation and at the Time of His Purported Constructive Discharge.

This court should dismiss Dr. Friedman's claim of constructive discharge because he was represented by counsel when he submitted the original EEO complaint and for much

of the EEO process. The Sixth Circuit has recognized the importance of liberally reading administrative complaints prepared by *pro se* litigants. *Dixon v. Ashcroft*, 392 F.3d 212, 219 (6th Cir. 2004) ("Indeed, as this Court recognized long ago, the rationale for the expected scope of investigation test is that charges of discrimination filed with the EEOC often will be prepared by laypersons without the assistance of counsel."). However, it has refrained from affording the same leniency to plaintiffs assisted by legal counsel. *See Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991) ("Liberal construction is not necessary where the claimant is aided by counsel in preparing his charge."); *see also Erbel v. Johanns*, No. 3:04-CV-555, 2008 U.S. Dist. LEXIS 3102 (E.D. Tenn. Jan 15, 2008) (barring a plaintiff from bringing a constructive discharge claim because she failed to amend her EEOC complaint and was represented by counsel throughout the administrative process).

Joshua Kahn was acting as Dr. Friedman's counsel on the date Dr. Friedman filed the EEO complaint, and it was not until after his retirement in August of 2021, that Friedman informed the investigator that he was no longer represented by counsel. (Compl. ¶¶ 25, 26, PageID # 5; Invest. Report p. 3.) Thus, this court should not afford him the same leniency extended to *pro se* plaintiffs.

## CONCLUSION

Friedman had multiple opportunities to raise an issue of constructive discharge if he wished to pursue such a claim against the VA. Instead, he now seeks to bring an action of constructive discharge in federal court without having raised the claim at the administrative level. For the foregoing reasons, the VA respectfully requests that this Court

enter summary judgment in its favor and dismiss Friedman's claims alleging constructive discharge.

                                      Respectfully submitted,

                                      REBECCA C. LUTZKO
                                      UNITED STATES ATTORNEY

BY:  *s/ Ruchi V. Asher*
        Ruchi Asher (0090917)
        Sara E. DeCaro (0072485)
        Assistant United States Attorneys
        801 West Superior Ave., Suite 400
        Cleveland, OH 44113
        (216) 622-3718
        (216) 622-3670
        (216) 522-4982 - FAX
        Ruchi.Asher@usdoj.gov
        Sara.DeCaro@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury that the foregoing Memorandum is ten (10) pages in length and complies with the page limitations for an unassigned matter.

                                      *s/ Ruchi V. Asher*
                                      Ruchi V. Asher, Assistant United States Attorney