IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HOWARD FRIEDMAN | ) CASE NO.: 1:23-cv-507 |
| | ) |
| Plaintiff, | ) JUDGE DAN A. POLSTER |
| | ) |
| v. | ) DEFENDANT MCDONOUGH'S REPLY |
| | ) IN SUPPORT OF ITS PARTIAL MOTION |
| DENIS MCDONOUGH, | ) FOR SUMMARY JUDGMENT |
| Secretary of Veterans Affairs | ) |
| | ) |
| Defendant. | ) |

Defendant Denis McDonough, Secretary of the Department of Veterans Affairs ("VA") filed his Motion for Partial Summary Judgment arguing that Plaintiff, Dr. Howard Friedman ("Friedman") did not exhaust his administrative remedies with respect to his constructive discharge claims. Freidman opposes summary judgment on these claims by introducing facts alleging that he notified the EEO Investigator via telephone of the VA's intention to terminate his employment at the end of August 2021. He argues that this was sufficient to exhaust his administrative remedies for the constructive discharge claims. Friedman has not met his summary judgment burden.

## LAW AND ARGUMENT

**Plaintiff Has Failed to Meet His Summary Judgment Burden.**

Under the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has met his burden, the non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256

1

(1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.*; *accord Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."); *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("[T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a 'genuine' dispute."). "General averments or conclusory allegations of an affidavit, however, do not create specific fact disputes for summary judgment purposes." *Pierce v. Ohio Dep't of Rehab. & Corr.*, 284 F. Supp. 2d 811, 822 (N.D. Ohio 2003) (citing to *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888-89, (1990)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis added).

Here, Friedman failed to provide sufficient evidence that he exhausted his administrative remedies relative to his constructive discharge claims. In his Opposition, Friedman proffered a declaration from himself and his wife stating that on August 18, 2001, he was provided a Notice of Proposed Removal by his supervisor and was advised that he would be terminated at the end of August. (ECF#17-1, 17-2) Further, Friedman states that on the same date he called the EEO Investigator and "told her that [he] had been given a Notice of Proposed Removal and that [he] had been told [he] would be terminated at the end of the month." *Id*. Friedman's declaration contradicts his Complaint wherein he alleges notified the Investigator of his resignation and queried what affect that would have on his complaint. (ECF #1, PageID # 5-6). Nonetheless, even

2

if true, this information is not evidence of discrimination underlying an uncharged claim. Indeed, while Friedman's declaration states that he "[b]eliev[ed] the proposed removal was a continuation of discriminatory treatment…" he notably does not aver that he shared this belief with the Investigator. Moreover, no adverse action had been taken against Friedman at the time of his phone call to the Investigator. Ultimately, Friedman resigned from the VA on August 29, 2021. (ECF #1, PageID # 5).

The unpublished Sixth Circuit case upon which Friedman heavily relies, *Zanders v. O'Gara-Hess &Eisenhardt Armoring Co.*, 952 F.2d 404 (6th Cir. 1992) (Table), is distinguishable and not instructive. There, the plaintiff notified the EEOC **after** he was terminated and alleged the termination was retaliatory. According to Friedman's own declaration, neither of these things are true in his case. He notified the EEO Investigator prior to the purported termination that was yet to occur and never mentioned his belief that the termination was a continuation of the alleged discrimination. Additionally, ultimately Friedman resigned, he was not terminated. He did not provide the EEO Investigator, nor has he provided this Court, with any factual allegations of intolerable working conditions which clearly point to the unnamed conclusion that a constructive discharge occurred. *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1080 (6th Cir. 1999). It was not until August 29, 2022, one year after he resigned, that Friedman first alleged that he was forced to resign.

Similarly, the remaining non-binding district court decisions Friedman refers to are both distinguishable and inapposite. In *Bryan v. Prince George's Cnty., Md.*, for example, the record demonstrated the employer specifically addressed the plaintiff's termination during the EEOC process, indicating that it was aware that the charge implicated plaintiff's termination. No. CIV.A. DKC 10-2452, 2011 WL 2650759, at *4 (D. Md. July 5, 2011), aff'd, 484 F. App'x 775

3

(4th Cir. 2012). Replying on the Fourth Circuit's instruction that "claims developed by reasonable investigation are exhausted," the district court concluded that "all parties were fully aware that a claim related to [the plaintiff's] termination could 'reasonable be expected to follow' from the administrative investigation of his charge." *Id.* (quoting *Bryant v. Bell Atlantic Maryland, Inc.,* 288 F.3d 124, 132 (4th Cir.2002). Here, however, the EEOC investigative report contains no mention of Friedman's proposed termination or subsequent resignation from the VAMC. (*See* Investigative Report, ECF No. 15-2, PageID # 84-89.) There is no indication that either the VA or the investigator were aware that Friedman intended for his separation to become part of his EEOC charge. Similarly, in *Johnston v. O'Neill*, the Court found that the plaintiff's uncharged constructive discharge claim was a form of retaliation, and that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge…because retaliation claims, by definition, arise after the filing of an EEOC charge, this rule promotes efficiency by requiring only one filing." 272 F. Supp. 2d 696, 704-05 (N.D. Ohio 2003) (internal citations omitted.) Because the Court's decision turned on the plaintiff's charged claim of retaliation, and because there is no retaliation claim here, *Johnston v. O'Neill* is not instructive.

Meanwhile, in *Richmond-Jeffers v. Porter Twp. Sch. Corp.*, the district court noted that plaintiff used the word "termination" in her EEOC charge and drew attention to the "short interval between the charge and the complained of event" before concluding that "'the EEOC would have learned [of the subsequent event] in the course of its investigation.'" No. 2:08-CV-278, 2009 WL 684767, at *5 (N.D. Ind. Mar. 11, 2009), quoting *Isaacs v. Hill's Pet Nutrition, Inc.,* 485 F.3d 383, 385 (7th Cir.2007). However, here, Friedman filed his charge several months

4

prior to his proposed termination and subsequent resignation, and long before the VA completed its investigation into the facts underlying Friedman's termination.

Again, the facts in *Shums v. New York City Dep't of Educ.*, 2006 WL 8437471 (E.D.N.Y. Apr. 3, 2006) are sufficiently distinguishable as to render this decision not persuasive. There, the plaintiff was suspended without pay and subsequently was served with disciplinary charges for misconduct, unsatisfactory performance, and excessive absenteeism. *Shums v. New York City Dep't of Educ.*, No. 04-CV-4589 (DLI)(LB), 2006 WL 8437471, at *2 (E.D.N.Y. Apr. 3, 2006). There, the plaintiff filed her EEOC charge after being charged with misconduct and shortly before a hearing officer recommended termination. *Id.* Under those particular facts, it was reasonable for a district court to consider that a termination claim was reasonably within the scope of the EEOC charge. Here, however, the VA did not even propose termination until long after Friedman filed his EEOC charge related to the temporary revocation of his clinical privileges.

As is fully briefed in Defendant's Partial Motion for Summary Judgment, the Sixth Circuit's so-called expected scope of investigation doctrine does not cure Friedman's failure to administratively exhaust his constructive discharge claims. Even with the additional factual allegations set forth in Friedman's declaration, constructive discharge could not have reasonably been within the scope of the EEO investigation. He did not provide enough information to the EEO Investigator. A reasonable person could not expect that notifying the EEO Investigator of a Notice of Proposed Termination, even with the added context of being told that the termination will, in fact, take place a few weeks later, then resigning your employment would be enough "to clearly point to the unnamed legal conclusion that a constructive discharge has occurred..." *See Magyar v. United States Postal Serv.*, 2019 U.S. Dist. LEXIS 75523 (E.D. Mich. May 6, 2019)

5

(Plaintiff could not bring constructive discharge claim where EEO charge did not include constructive discharge.)

Accordingly, because Friedman failed to administratively raise a constructive discharge claim, his constructive discharge claims were not reasonably expected to result from an investigation of the claims he did raise.

## CONCLUSION

For all the reasons set forth in Defendant's Motion for Partial Summary Judgment, and stated here, the VA respectfully requests that this Court enter summary judgment in its favor and dismiss Friedman's claims alleging constructive discharge.

Respectfully submitted,

REBECCA C. LUTZKO
UNITED STATES ATTORNEY

BY: *s/ Ruchi V. Asher*
Ruchi V. Asher (0090917)
Sara E. DeCaro (0072485)
Assistant United States Attorneys
801 West Superior Ave., Suite 400
Cleveland, OH 44113
(216) 622-3718
(216) 622-3670
(216) 522-4982 - FAX
Ruchi.Asher@usdoj.gov
Sara.DeCaro@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

Pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury that the foregoing Memorandum is six (6) pages in length and complies with the page limitations for an unassigned matter.

*s/ Ruchi V. Asher*
Ruchi V. Asher, Assistant United States Attorney